PROPRIETORS OF MACHIAS BOOM

*vs.*

CORNELIUS SULLIVAN, and others.

Washington.    Opinion May 7, 1895.

*Corporation. Sorting. Rafting Logs. Spec. Laws, Mass. Feb. 13, 1808, c. 55; Spec. Laws, Maine, 1891, c. 174.*

The charter of the plaintiff corporation, granted by the legislature of Massachusetts in 1808, authorized it to maintain a boom and established the tolls it should be entitled to receive for rafting and securing logs and lumber, subject to revision or alteration by the legislature.

By a special act of the legislature of this State passed in 1891, chap. 174, laws of 1891, the fees and tolls were changed, and a rule established by which to fix the price for "sorting and rafting" logs and timber so rafted and secured at said boom.

The defendants claimed that it was the duty of the plaintiff, since the act of 1891, to sort and raft their logs by marks as well as by ownership.

*Held;* that no additional duty had been imposed upon the corporation by the use of the words "sorting and rafting" in the amendatory act, and that these words meant no more than the word "rafting" in the original charter.

The plaintiff had performed its whole duty, when it has secured the logs which come into its boom and sorted, rafted and delivered them according to ownership.

See *Same* v. *Same*, 85 Maine, 343.

ON MOTION AND EXCEPTIONS.

Besides the general motion for a new trial, the defendants took exceptions, which arose in the following manner :

This was an action on the case to recover tolls, accruing under chapter 174 of the private and special laws of 1891, earned during the seasons of 1891 and 1892, for booming and rafting logs at the plaintiff's boom in Machias; and also for special services rendered in rafting and sorting logs of the defendants' by kinds.    The plea was the general issue.

The plaintiff's claim for tolls for boomage and rafting, exclusive of the special services aforesaid, amounted to $644.90, with interest from March 3, 1893, which the defendants admitted to be due, less damages sustained by reason of the plaintiffs having refused to sort and raft the defendants' logs, in 1891 and 1892, into lots by marks.

During these seasons the defendants had logs in the plaintiff's boom, marked by many separate and distinct marks, and demanded that the plaintiff should raft and sort the logs and deliver the same to them in lots each bearing the same mark, which the plaintiff declined to do, and upon the trial to the jury offered evidence tending to show such facts; but the court excluded the same and ruled and charged the jury that the plaintiff was not bound to so raft and sort the logs of the defendants and deliver the same to them in lots bearing the same mark, even if there were but two different marks upon the defendants' logs, but that it was only bound to deliver the defendants' logs in one lot, irrespective of marks.

The plaintiff also claimed to recover for extra services in delivering to the defendants their logs rafted and sorted by kinds, to wit: the pine, hemlock, spruce and cedar, each in lots by themselves, as requested by the defendants, and the defendants admitted their liability to pay a reasonable compensation for the same. That question was submitted to the jury under proper instructions from the court, to which no exceptions were taken, and the jury assessed the damages for such extra services in the sum of $559.22, with interest from the date that payment for the same was demanded, to wit: March 3, 1893, and returned a general verdict for the plaintiff in the sum of $1264.52.

To the ruling of the court that the plaintiff was not bound to raft and sort the defendants' logs and deliver the same to them in lots each containing the same mark, defendants took exceptions.

*Charles Sargent*, for plaintiff.
*H. M. Heath and O. A. Tuell*, for defendants.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

WISWELL, J. The plaintiff, a corporation created by an act of the legislature of Massachusetts in 1808, brings this action to recover for booming, sorting and rafting defendants' logs during the season of 1891 and 1892, in accordance with the

rule for fixing the maximum tolls for such services established by chapter 174, Private Laws of 1891, entitled, "An Act to regulate the tolls of the Machias Boom." The case comes to the law court upon both exceptions and motion.

*Exceptions.* The only question presented by the exceptions is this. During the seasons named the defendants had in the plaintiff's boom logs of "many separate and distinct marks." They claimed that it was the duty of the plaintiff corporation to sort and raft these logs by marks as well as by ownership, that is, that all of the logs of each mark, belonging to each owner, should be sorted and rafted separately, the logs of each mark by themselves, and that although this was demanded the plaintiff refused to do so, whereby the defendants sustained damage. The court excluded all evidence of such demand and of the damage resulting from the plaintiff's refusal and instructed the jury that the plaintiff was not bound to so raft and sort the logs of the defendants in lots bearing the same mark, but that it was only bound to deliver the defendants' logs in one lot, irrespective of marks.

It is the opinion of the court that the ruling and instruction were correct. The original charter authorized the corporation to maintain a boom and established the tolls it should receive for rafting and securing logs. The Act of 1891 changed the tolls for "sorting and rafting logs and lumber." In *Prop's Machias Boom* v. *Sullivan, et als.* 85 Maine, 343, an action between the same parties, this court held that no new nor additional duty had been imposed upon the corporation by the use of the words "sorting and rafting;" that these words in the amendatory act meant no more than the word "rafting" in the original charter, as the logs must necessarily first be sorted before they could be rafted. In that case the defendants contended that it was the duty of the plaintiff to sort and raft their logs not only by ownership but also by kinds of lumber. Judge FOSTER in the opinion in that case says, referring to this contention : "However convenient this might be for the owners there is nothing in the case, or in the signification of the words, that requires such a construction to be given."

We think this holds equally good as to the claim now made. To sort and raft the logs of different owners by marks as well as by ownership would probably be as burdensome at least as to do so by kinds. It is a burden not imposed by the use of the word "rafting" in the original charter and, as has already been decided, no additional duty was imposed by the act of 1891. The plaintiff has performed its whole duty when it has secured the logs which come into its boom and sorted, rafted and delivered them according to ownership.

*Motion.* Included in the account annexed were two items for sorting, 111,854 logs by kinds, during the two seasons, for which three-fourths of a cent per log was charged. These services were rendered under an agreement upon the part of the defendants to pay therefor what the services were reasonably worth.

The plaintiff was entitled to five-eighths of a cent per log for booming, seven-eighths of a cent for sorting and rafting according to ownership, and to such additional sum as the service was reasonably worth for sorting by kind. The jury, by a special verdict, found that this extra service was worth $559.22, one-half of a cent for each log.

After a careful examination of the testimony, an analysis of which in this opinion would not be profitable, we are satisfied that the amount allowed for the extra work is clearly excessive and that the jury must have acted under some bias or prejudice. It is true that some of the plaintiff's witnesses testified that in their opinion one-half of a cent per log was a fair compensation for the extra labor, but they gave no satisfactory reason for this statement, and from the cross-examination of these same witnesses, in connection with all the other evidence upon the question, it is clearly shown, we think, that one-half of the amount allowed by the jury for this extra labor would be sufficient to amply compensate the plaintiff for the same. Something should also be allowed for the use of the boom occasioned by this extra service. We think that the plaintiff should not have recovered for these two items referred to more than three hundred dollars. The motion for a new trial will, therefore, be granted unless the plaintiff within thirty days after notice that

the rescript has been received by the clerk of courts for Washington county, consents to remit all of the amount recovered by the special verdict over the sum of three hundred dollars, as of the date of such verdict.

> *Exceptions overruled. Motion granted, new trial ordered, unless the plaintiff enters a remittitur as above.*